IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM JASON AKES,

                Plaintiff,

v.                                     Case No. 22-CV-1166-SPM

PAYPAL INC.,

                Defendant.

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is William Jason Akes' Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 4) and a Complaint against Defendant PayPal Inc. ("PayPal") alleging a multitude of federal and state law claims. (Doc. 3). Along with this motion, Akes filed a Motion for Recruitment of Counsel (Doc. 7), Motion for Service of Process at Government Expense (Doc. 8), Motion for Case Documents Following Address Change (Doc. 9), and most recently a Motion for Arbitration. (Doc. 14).

### FACTUAL & PROCEDURAL BACKGROUND

On October 28, 2021, Akes filed a complaint against PayPal for placing a freeze on his PayPal account. (Doc. 1 of SDIL Case No. 21-CV-1348-SPM) (hereafter referred to as "Orig. Doc."). In this complaint, Akes stated that he tried to transfer $6,240 to an acquaintance's account so he could access the funds in cash, however both accounts were frozen (Orig. Doc. 1). Akes asserted that PayPal placed the freeze on the account for 180 days, and that PayPal later extended the freeze for another 180

days. Akes alleged that he was unable to receive unemployment and economic impact payments because of the freeze. Akes stated that PayPal refused to unfreeze the funds even though they cleared him of any wrongdoing and treated his requests "indifferently." The Court dismissed Akes' claim without prejudice because it failed to state grounds for jurisdiction and failed to state a claim on which relief could be granted (Orig. Doc. 7).

On April 21, 2022, Akes filed his first amended complaint. (Orig. Doc. 10). Akes alleged statutory violations that potentially entitled him to relief, but the Court dismissed the complaint because he failed to properly plead jurisdiction. (Orig. Doc. 11). The Court closed the case, and a judgment was entered dismissing the case. (Orig. Doc 11-12). Akes later filed a second amended complaint noting that he was confused as to whether he should send an amended complaint or file an appeal. (Orig. Doc. 13). The Court informed Akes that he could file a new civil action. (Orig. Doc. 14). the Court struck the second amended complaint because the case was closed. *Id.* Akes then filed an appeal of the judgment dismissing the first amended complaint, which was dismissed by the Seventh Circuit. (Orig. Doc. 25).

On June 6, 2022, Akes filed the instant complaint against PayPal. (Doc. 3). In the Complaint, Akes expanded on the facts alleged in the original and amended complaints. Akes stated that he is a resident of Illinois, and PayPal is incorporated in Delaware and has its principal place of business in California. He sought damages totaling over $75,000. Akes asserted that he uses PayPal as his primary financial account in lieu of another bank or financial institution, and his account was frozen

on January 10, 2021. (Doc. 3 ¶ V). Akes claimed that PayPal violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, by failing to transfer the funds in a timely manner. (Doc. 3).  He alleged that, because of the length of the freeze, he lost touch with the acquaintance that he originally transferred the funds to and was denied access to the $6,240. He further stated that he was unable to access the remaining $2,009 in his account. (Doc. 3 ¶ V).

Akes stated that PayPal was negligent in the handling of his account. (Doc. 3). He asserted that he contacted PayPal customer service multiple times and was told that his account would return to normal, but PayPal failed to remedy his account. (Doc. 3 ¶ VI). He also claimed that PayPal breached the terms of its service agreement and its fiduciary duty by placing a hold on his account, because "there was no 'suspicious activity' associated to this transfer or his account due to the fact that it was consistent with past use and history of his account." (Doc. 3 ¶ V).  Further, Akes alleged that PayPal benefited from his frozen account by collecting interest and thus unjustly enriched itself at his expense. (Doc. 3 ¶ XI) Akes also alleged PayPal violated 18 U.S.C § 241 and 18 U.S.C § 246, violated the terms of a previous settlement agreement, committed fraud, and violated a myriad of California statutes. (Doc. 3).

## LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant, "submits an affidavit that includes a statement of all assets he possesses [showing] that he is unable to pay such fees or give security therefor." Section 1915(e)(2) further requires careful threshold scrutiny

of the complaint filed by an IFP plaintiff. The Court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also*, *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

The Court has a responsibility to construe a pro se complaint liberally if it may allow a litigant to state a valid claim. *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) (quoting *Donald v. Cook County Sheriff's Dept.,* 95 F.3d 548, 555 (7th Cir.1996)). However, the Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Thus, resolution of Akes' motion for IFP requires the Court to closely review the allegations of his petition and examine whether the claims for relief are plausible on their face. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.").

### ANALYSIS

Akes has properly pleaded diversity jurisdiction for the claims he has brought in federal court. Thus, the Court will address Akes' Motion to Proceed IFP and Akes' other motions in turn.

### Akes' Motion to Proceed IFP

Akes appears to be indigent. He has signed an affidavit attesting to his indigency and has provided trust fund account statements at FCI Greenville and Williamson County jail. (Doc. 12-13).

Given the multitude of claims with varying merit, each requires individual scrutiny.

### *Violation of the EFTA*

Akes argued that PayPal violated the EFTA by failing to transfer the funds in accordance with the terms and conditions of the account. 15 U.S.C. § 1693m. He provided facts that show that PayPal prevented Akes from accessing the funds for nearly a year. He also provided facts that PayPal failed to remedy the situation once he brought it to their attention. Thus, it seems plausible that Akes may have a valid claim under the EFTA.

### *Breach of Contract*

Akes argued that PayPal breached their contract in its handling of his frozen account. In Illinois, to prove a breach of contract Akes must show: (1) the existence of a valid and enforceable contract; (2) substantial performance by plaintiff; (3) a breach by defendant; and (4) damages that resulted from the breach. *Sevugan v. Direct Energy Servs.,* 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010)). Akes discussed his agreement with PayPal's terms of use and his use of their system as his primary financial account. He also alleged that there was an indefinite hold placed on his account and

alleged specific damages that resulted. Therefore, it seems that Akes may have a valid breach of contract claim.

### Breach of Fiduciary Duty

Akes claimed that PayPal violated its fiduciary duty by placing arbitrary holds when it was entrusted with his funds. "[I]n order to state a claim for breach of fiduciary duty, it must be alleged that a fiduciary duty exists, that the fiduciary duty was breached, and that such breach proximately caused the injury of which the plaintiff complains." *Neade v. Portes*, 193 Ill. 2d 433, 444 (2000). In Akes' Complaint, he described his reliance in placing his funds with PayPal and the consequences of the hold. As a result, it appears plausible that Akes' breach of fiduciary duty claim has merit.

### Unjust Enrichment

Akes claimed unjust enrichment and alleged that PayPal is collected interest on his account and retained a benefit at his expense. In Illinois, a claim of unjust enrichment must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment and that defendant's retention of the benefit violates fundamental principles of justice, equity, and good conscience. *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 160 (1989). Collecting interest on the frozen money would constitute a benefit to PayPal, and the refusal to unfreeze the funds may violate principles of justice and equity. Consequently, it is plausible that Akes' unjust enrichment claim has merit.

*Remaining Claims*

The remainder of Akes' claims fail to meet the threshold requirements of 28 U.S.C. 1915(e)(2) because he failed to state a claim upon which relief can be granted. Akes is not entitled to relief under 18 U.S.C. §§ 241 and 246 because they are criminal statutes and provide no remedy in the civil context. Akes is not entitled to relief under the settlement agreements mentioned in his Complaint, because the alleged wrong occurred outside the date of the injunctive relief specified in the settlement. *See Zepeda v. PayPal, Inc.,* No. C 10-1668 SBA, 2017 WL 1113293 (N.D. Cal. Mar. 24, 2017). Akes is not entitled to relief under a theory of negligence, because he only provided evidence of economic injury from PayPal's actions or omissions. *See Moorman Mfg. Co. v. Nat'l Tank Co.,* 91 Ill. 2d 69, 91 (1982) (stating no recovery under negligence for purely economic loss). Akes also provided no facts showing PayPal committed fraud. Lastly, without evidence of a choice of law agreement, there is no reason that Akes can make a claim of a violation of California State law. Akes has filed in a federal district court located in Illinois, and the alleged injury occurred in Illinois.

Accordingly, Akes' Motion for IFP is **GRANTED** for his EFTA, breach of contract, breach of fiduciary duty, and unjust enrichment claims, although the remaining claims are **DISMISSED with prejudice** due to futility.

## Other Pending Motions

Because of the number chances given to Akes, and the lack of understanding evident in his other motions, all other pending motions not specifically addressed

below are **DENIED without prejudice**, so that assigned counsel can evaluate how to proceed. *See* SDIL-LR 83.9(c).

*Motion for Recruitment of Counsel*

A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). In his Motion, Akes has attached a list of 6 attorneys or legal organizations that he has contacted, and a letter of rejection from the Land of Lincoln Legal Aid. (Doc. 7). Akes has attended some college and demonstrated some level of competence and understanding of the law in drafting his Complaint. *Id.* However, Akes has difficulty in understanding procedure and intricacies in the law as demonstrated by his failure to properly plead jurisdiction in his first amended complaint, and his misplaced attempt to appeal the dismissal without prejudice. Further, this case is complex. Litigation will likely entail scrutiny of terms and services agreements and difficult analysis of fiduciary duties, which exceeds Akes' capabilities. Given the several attempts to secure counsel and the complexity of this case, Akes' Motion for Recruitment of Counsel is **GRANTED.**

For the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(i) and 83.9(b), Attorney Joseph P. Chamley is **ASSIGNED** to represent Plaintiff William Jason Akes in this case. Assigned counsel shall enter his appearance in this case. Attorney Chamley is free to share responsibilities with an

attorney who is also admitted to practice in this Court. Assigned counsel, however, must enter the case and shall make first contact with Akes, explaining that an associate may also be working on the case. Akes should wait for his attorney to contact him to allow counsel an opportunity to review the court file.

The Court **DIRECTS** the Clerk of Court to transmit this Order to Attorney Chamley. The electronic case file is available through the CM-ECF system. Now that counsel has been assigned, Akes shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Akes, there is no guarantee the Court will appoint other counsel to represent Akes.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Because Akes is proceeding *in forma pauperis*, he may proceed without *prepayment* of the filing fee. If Akes should recover damages in this action (either by verdict or settlement), Akes and his counsel are **ADVISED** that Akes will be obligated to pay the filing fee out of his monetary recovery.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The

funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

*Motion for Service of Process at Government Expense*

Federal Rule of Civil Procedure 4(c)(1) provides that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(c)(3) further provides that the plaintiff may request service by the United States Marshal (or Deputy Marshal) and that such service must be ordered if the plaintiff is proceeding IFP pursuant to 28 U.S.C. § 1915(d). In this case, the Court must order service of process by a United States Marshal (or Deputy Marshal) because the Court granted Plaintiff William Jason Akes' leave to proceed IFP. Therefore, Akes' Motion for Service of Process is **GRANTED** (Doc.8), but Akes has not presented a summons to the Clerk to issue under Fed. R. Civ. P. 4(b). The Court **DIRECTS** Akes to do so. If that occurs, the Court **DIRECTS** Akes to then provide to the United States Marshals Service the summons issued, the appropriately completed USM-285 forms, and sufficient copies of the Complaint (Doc. 3) for service. The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from Akes and pursuant to Fed. R. Civ. P. 4(c)(3), to serve a copy of the summons, Complaint, and this Order upon the Defendant in any manner

consistent with Fed. R. Civ. P. 4, as directed by Akes. Costs of service shall be borne by the United States.

C<small>ONCLUSION</small>

For the reasons set forth above, William Jason Akes' Motion for Leave to Proceed IFP as to his EFTA, breach of contract, breach of fiduciary duty, and unjust enrichment claims is **GRANTED**. All other claims in his Complaint are **DISMISSED with prejudice** due to futility. Akes' Motion for Recruitment of Counsel (Doc. 7) and Motion for Service of Process at Government Expense (Doc. 8) are **GRANTED**. Akes' Motion for Case Documents Following Address Change (Doc. 9) and Motion for Arbitration. (Doc. 14) are **DENIED without prejudice**.

IT IS SO ORDERED.

DATED:  October 25, 2022

_s/ Stephen P. McGlynn_
STEPHEN P. McGLYNN
U.S. District Judge